FILED
SUPERIOR COURT
OF GUAM

2023 NOV 21 AM 11: 25

CLERK OF COURT



BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**NICHOLAS WAYNE MOORE,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0313-21**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez for the limited purpose of addressing Defendant Nicholas Wayne Moore's ("Defendant") *Motion in Limine* to Recuse and Statement of Objection Pursuant to 7 GCA § 6107 ("Motion to Recuse"), filed October 31, 2023.

## BACKGROUND

Defendant is charged with (1) two counts of Aggravated Assault (As a Second Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony; (2) one count of Terrorizing (As a Third Degree Felony) with attached Special Allegation: Deadly Weapon Used in the Commission of a Felony); and (3) one count of Possession of an Unregistered Firearm (As a Third Degree Felony). (Am. Superseding Indictment, Jun. 13, 2022). This matter was assigned to Judge Alberto E. Tolentino ("Judge Tolentino") on October 19, 2021. *See* Order Terminating Judge Pro Tempore Appointment, Oct. 19, 2021. The matter proceeded to trial on the Amended Superseding Indictment June 15, 2022, and continued throughout the fall of 2022. On November 9, 2022, the court adjourned trial until January 10, 2023, to allow trial jurors an opportunity to travel over the holidays. Judge Tolentino was unable to resume trial on January

10, 2023, due to medical issues that developed throughout the holiday break. On January 9, 2023, Defendant filed an Ex Parte Motion for a Mistrial. On January 10, 2023, the parties appeared before Judge Arthur R. Barcinas who presided over the matter in a case management role to address housekeeping issues. On January 23, 2023, Judge Barcinas granted Defendant's Motion for a Mistrial. The matter was subsequently presided over by Judge Maria T. Cenzon and Judge John C. Terlaje until Judge Tolentino's return to the bench on May 15, 2023.[1] *See* Notice of Judge Assignment, Jan. 23, 2023 (Judge Cenzon assigned); Notice of Judge Assignment, Mar. 9, 2023 (Judge Tolentino re-assigned); Amended Criminal Trial Scheduling Order, Mar. 13, 2023 (signed by Judge Terlaje for Judge Tolentino).

On May 15, 2023, Jury Selection and Trial commenced for the second time before Judge Tolentino. After four days of jury selection, Defendant filed a Motion for Mistrial. In light of the Motion, the fifth day of jury selection was cancelled.

On June 2, 2023, Defendant filed an Ex Parte Motion for Release with Conditions. On June 5, 2023, the parties appeared before Judge Tolentino for a Motion Hearing. At the hearing, counsel for Defendant indicated they needed time to prepare to defend more serious charges at trial in another matter before another judge and requested that the instant matter be placed on hold pending the other case. (Minute Entry, Jun. 5, 2023). Defendant was released back on electronic monitoring the following day. (Release from Confinement, Jun. 5, 2023).

On August 8, 2023, the parties returned to court for Further Proceedings. At the hearing it was noted that the instant matter would proceed to trial after Defendant's trial in another matter before another judge and that there was a motion pending. (Minute Entry, Aug. 8, 2023). Further Proceedings were set for November 14, 2023.

On October 3, 2023, Defendant filed a Reassertion of Speedy Trial.

---

[1] Judge Elyze M. Iriarte also briefly presided over this matter after Defendant's re-assertion of speedy trial on May 5, 2023. *See* Notice, May 5, 2023; Minute Entry, May 8, 2023. The matter did not proceed to trial before Judge Iriarte, however, in light of the Government's withdrawal of its waiver of Judge Iriarte's conflict of interest after the Pre-Trial Conference on May 8, 2023.

On October 12, 2023, the court issued a notice scheduling Jury Selection and Trial for October 16, 2023. (Notice of Hearing, Oct. 12, 2023).

On Friday, October 13, 2023, the Government, by and through Assistant Attorney General Grant Olan, filed an Ex Parte Motion to Continue Jury Selection and Trial, requesting to continue jury selection and trial until after October 26, 2023. The Government indicated that Defense counsel did not object to a short continuance.

On Monday, October 16, 2023, Jury Selection and Trial commenced for the third time. A jury of twelve and four alternates was empaneled the following day.

On October 17, 2023, Defendant filed a Motion in Limine for Mistrial Resulting from Violations Banning Media Recording and Public Access, and Failure to Maintain Sufficient Room and Seating and Public Trial. Judge Tolentino denied the Motion from the bench the same day.

On October 26, 2023, the parties returned to court for a Pre-Trial Conference. Several things were discussed at the hearing, including Defendant's request for a mistrial; Defendant's indication that a motion to disqualify the prosecutor may be forthcoming; and the Government's indication that it may be filing a motion regarding an unavailable witness. (Minute Entry, Oct. 26, 2023). Opening Statements were scheduled to begin on October 30, 2023 at 9:00 a.m. *Id.*

On October 31, 2023, Defendant filed the instant Motion, moving for Judge Tolentino's recusal in this matter. Defendant moves for Judge Tolentino's recusal pursuant to 7 G.C.A. § 6105(a) because his "admissions regarding delaying trial until a prosecutor was available, itself, is sufficient evidence of bias and an appearance of partiality." (Mot. Recuse at 4, Oct. 31, 2023).

On November 7, 2023, Judge Tolentino filed his Answer to Statement of Objection, denying that his recusal is appropriate in this matter. Judge Tolentino denies "the existence of bias for the Government and/or even the existence of an appearance of partiality as alleged by Defendant." (Answer at ¶ 5, Nov. 7, 2023).

On November 17, 2023, pursuant to 7 G.C.A. § 6107, the question of whether Judge Tolentino should be disqualified from continuing to preside over this mater came before this recusal court. *See* Notice of Assignment of Recusal Judge, Nov. 17, 2023.

# DISCUSSION

Title 7 G.C.A. section 6105 sets forth the substantive grounds under which a judge must be disqualified. Where a judge fails to disqualify him or herself, any party to that proceeding may move to disqualify the judge pursuant to 7 G.C.A. § 6107.

Under section 6105(a), "[a]ny judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned." 7 G.C.A. § 6105(a). "[W]hat matters is the appearance of bias, not actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (citing *Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32) (internal quotation marks omitted). "The appearance of bias is judged from the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of jurisdictions, parties, and controversies involved.'" *Id.* "Section 6105 is taken from the federal disqualification statute, 28 U.S.C.A. § 455, and the Guam Supreme Court has held that the federal courts' interpretation of the federal statute is instructive for the purpose of interpreting 7 GCA 6105." *People v. Tennessen*, 2010 Guam 12 ¶ 25 (citing *Ada v. Gutierrez*, 2000 Guam 22 ¶ 12 n.2). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal citations and quotation marks omitted). The "Supreme Court of Guam, interpreting the disqualification statute, has ... stated that disqualifying bias must normally stem from extrajudicial sources." *Tennessen*, 2010 Guam 12 ¶ 32 (citing *Van Dox*, 2008 Guam 7 ¶ 35). "[A] case generally must involve apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case." *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Under section 6105(b)(1), "[a] judge shall also disqualify himself or herself . . . where he or she has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 7 G.C.A. § 6105(b)(1). "[B]ias sufficient to justify recusal must be a personal one and not one arising from the judge's view of the law. Impressions

based on information gained in the proceedings are not grounds for disqualification in the absence of pervasive bias." *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984) (internal quotation marks and citations omitted).

Defendant objects to Judge Tolentino continuing to preside over this matter because of how the third Jury Selection and Trial proceeded in this matter. *See generally*, Mot. Recuse. Defendant argues that there is evidence of bias and an appearance of partiality because Judge Tolentino denied the parties' stipulated request to continue trial; Judge Tolentino proceeded to commence selection with only two of Defendant's three legal counsels due to his concerns with Defendant's speedy trial rights; and Judge Tolentino subsequently delayed the start of evidence until a prosecutor was available over Defendant's objection. *Id.* Defendant sets forth that:

> In fact, the Court not only granted the prosecutor its requested delay, but without explanation failed to set trial until after a status hearing on October 26, 2023, the first date prosecutor Sean Brown returned to the Office of the Attorney General. During that hearing, the Court set trial for the following Monday, October 30, 2023. The Court has not provided a reason for the two week delay. When the Court rejected the parties' stipulation to continue, the Defendant made abundantly clear we were ready for trial the next day. Attorney Lujan returned that night and we asked to begin trial Wednesday.
>
> * * *
>
> The prosecution was not involved in another criminal trial at any time during these proceedings. Additionally, the prosecutor asking for the continuance was doing so because he had a planned vacation and not because he was in an ongoing trial. Finally, the current prosecutor was also not in a criminal trial because he had not even returned to the Attorney General's Office until October 26, 2023. There was no representation to the Court by the prosecution that it needed the two week continuance granted by the Court, *sua sponte* because of other ongoing criminal trials. The Court did not indicate during jury selection nor today that it needed to delay the commencement of trial by two weeks because of an ongoing criminal matter involving Judge Tolentino.

Mot. Recuse at 2; 10.

In his Answer, Judge Tolentino explains:

> That I decided to avoid further delay and thus proceed with jury selection with Defendant's two other experienced and competent trial lawyers, Michael F.

Phillips, Esq., and William L. Gavras, Esq., and who were able to and did effectively participate in jury selection;

That I was also aware that the prosecutor assigned to handle the trial, Attorney Sean Brown, was not going to be available until October 26, 2023, the date he would be re-employed by the Attorney General's office;

That once the jury was empaneled and the Defendant's speedy trial rights secured the undersigned deemed it was reasonable and proper to delay the start of the trial on October 26, 2023, for Attorney Brown to prosecute the case and that if anything the delay allowed defense counsel more time to prepare;

That none of my actions undertaken in this case were demonstrative of a bias for the Government nor indicative of prejudice against the Defendant.

(Answer at ¶¶ 16-19).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not recusal." *Liteky,* 510 U.S. at 555. Judge Tolentino indicates that he "was uncertain how much time remained on the speedy trial clock after multiple assertions and waivers by Defendant over the course of this case" and that after Defendant's reassertion on October 3, 2023, he "undertook to identify an opening in [the court's] calendar and to re-arrange its docket to allow jury selection and trial on the matter . . . for October 16, 2023 at 9:00 a.m." (Answer at ¶¶ 11-12). The Court's review of the record indicates a significant number of written assertions and waivers of speedy trial by Defendant. *See* Assertion of Speedy Trial, Apr. 26, 2022; Waiver of Speedy Trial, Jun. 21, 2022; Waiver of Speedy Trial, Jan. 23, 2023; Assertion of Speedy Trial, Mar. 28, 2023; Limited Waiver of Speedy Trial, Mar. 31, 2023; Waiver of Speedy Trial, Apr. 13, 2023; Assertion of Speedy Trial, May 5, 2023; Waiver of Speedy Trial, Jun. 5, 2023; Reassertion of Speedy Trial, Oct. 3, 2023. The Court further notes that Judge Tolentino began the October 26, 2023 Pre-Trial Conference by stating that:

First off, we have selected a jury all primed up and ready to go as a result of the assertion of speedy trial on behalf of Mr. Moore, and the court wanted to make sure that, that we had a jury already selected so that we can preserve his right to a speedy trial. The second thing was the court, we were waiting for you to come back, Mr. Brown, because Mr. Olan is currently off island and that it had been represented

that you would be ready to go for trial once you got back into the office, which was supposed to be today.

(Pre-Trial Conference Tr. at 3: 18-15 – 4: 1-5, Oct. 26, 2023).

Upon review, the Court does not find that Judge Tolentino's decision to grant the Government's request for a continuance to "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky,* 510 U.S. at 555. "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be." *McLaughlin v. Union Oil Co. of California,* 869 F.2d 1039, 1047 (7th Cir. 1989) (citations omitted). "Normally the judge's rulings at trial do not constitute grounds for recusal because they can be corrected by reversal on appeal." *Johnson v. Trueblood,* 629 F.2d 287, 291 (3d Cir. 1980). At this time, the Court does not find that there is any appearance of bias or partiality nor is there any actual bias or partiality in Judge Tolentino's decision to continue trial under 7 G.C.A. § 6105(a) and § 6105(b)(1). The Court therefore DENIES Defendant's Motion in Limine to Recuse Judge Tolentino.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion in Limine to Recuse. The Court returns this matter to Judge Tolentino for further disposition.

**IT IS SO ORDERED** this 21st day of November, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam